After taking time to advise, this action must be considered in the nature of civil, and not criminal, actions. It is so laid down in Cowper, 382, Atcheison v. Everet, and 1 Guil. ed. Bac. 61. From the wording of this statute the penalty relates to the offence, and not immediately to the person; and consequently the action may be joint or several.[2] In actions of this kind no person can be charged, ex contractu, the Court in this respect think the reasoning of the defendants' counsel unanswerable. The following authorities show it: Watson on Partnership, 180, 181, 183, 187, 188, 191; Cowp. 728, Rex v. Hale. But the same books show that, in the light of trespassers, absent persons may be charged where there is proof of their aiding and assisting in the commission of the offence. Partners however are no more subject to an action of this kind than other individuals.
In one point of view, evidence of a copartnership might have some effect, and but one can be thought *Page 333 
of at present by the Court; where one partner stands by and sees another sell goods without making any objection.
The next question is, can the Court grant a new trial in a penal action of this kind where a verdict has passed for a defendant; and if they can, in what cases? We have diligently searched the books, and find there are two, and only two, in which they can do it.
1st. If a verdict was founded on a mistake of the Court, in their direction to the jury, as to matter of law.
2d. Where a verdict has been procured by the fraud or practice of the defendant. The books upon which we rely as to the first, are, 4 Term Rep. 753, Wilson v. Rastal; 5 Term Rep. 19, Caleraft v.
Gibbs, which was upon a rule for a new trial in a penal action. In the latter of these cases Lord Kenyon observed "that where there is any ground of objection to the law delivered by the judge on which the verdict has proceeded, if such objection be well founded, it is immaterial what the nature of the cause is. The application for a new trial is a direct appeal to the justice and laws of the country, and cannot be tried or disposed of by any other rule."
The case in Strange, 1283, does not apply on the part of the defence; and the only case in point, 1 Wils. 17, is too short and unsatisfactory a note to be relied on, when reason and other books are opposed to it. It has been urged that no case authorizing the granting a new trial against an acquitted defendant in a penal action can be found previous to the Revolution. We do not understand that to be the case. In 3 Morg. Essays, 120; in the case of Robertson qui tam v. _____, Anno, 1728, it is stated that new trials had frequently taken place. Let it however be remarked that we do not think any English writers since the Revolution, respecting criminal law, ought as such to be implicitly attended to in the courts; nor in fact those on the civil or municipal laws since that time, — but we deem ourselves bound to receive any light from them on the last ground, and shall be always glad to do it. As it respects criminal jurisprudence, their decisions since *Page 334 
the Revolution, when heard, ought to be narrowly looked into, — in fact, so ought the decisions in the most despotic or licentious periods of the history of that nation.
We consider this case in the nature of civil proceedings, and it will not for a moment be thought that indictments, or any criminal proceedings, are subjected to the ideas we have delivered.
It is a principle consecrated to liberty, that where a defendant is acquitted in a criminal prosecution no new trial can be granted.
On the subject before us, the law seems to be judiciously laid down in 6 Guil. ed. Bac. Ab. 674, 675. But one doubt remains with the Court, whether they can grant a new trial against John, and not James, for we are clear none ought to be granted against James. He was properly acquitted, and he cannot be jeopardized a second time. The counsel will look into this part of the case.
[2] 2 Haw. 396, pl. 75, Cowp. 610, Rex v. Clark, et al.;5 Mass. 269.